TAYLOR, *Plaintiff in Error*, v. THOMPSON.

**Trusts** : EQUITY : DEED. T, a married woman joined, with her husband in a deed of her land to one W—the conveyance being made in the absence of the grantee and without consulting him and without any consideration therefor. It did not appear from the evidence that the land was her separate estate or that the conveyance was made in trust for T, or that she ever informed W that he was to so hold it in trust. W subsequently sold the land, informing his grantee that the latter could safely purchase from him ; *held* that a court of equity would not regard W's grantee as a trustee for T.

*Error to St. Louis Court of Appeals.*

AFFIRMED.

*M. F. Taylor* for plaintiff in error.

(1) There was a constructive trust in Wolf in favor of Mrs. Taylor. Where the legal estate in land is conveyed to a stranger without consideration there arises a trust for the owner. 2 Story Eq. 1,014; 1 Cruise Dig , Tit. 12, ch. 1, p. 52 ; Hill on Trustees, Am. notes, p. 170 ; 2 J. and W. 565-73 ; 1 Story Eq. 383, 395 ; Tiff & Bull on Tr., 22-23 ; *Grove's Heirs v. Falsome et al.*, 16 Mo. 543 ; Hill on Trusts, 92 side page and note. (2) One who takes property with trust, with notice of the trust charge, is bound by the trust. Hill on Trusts, 164 ; *Mead v. Orrey*, 3 Atk. 238 ; *Earl Brook v. Buckley*, 2 Ves. 498 ; *Taylor v. Stiffert*, 2 Ves. Jun. 437 ; *Crofton v. Ownsly*, 2 Sch. and Lef. 262 ; *Adair v. Shaw*, 1 Sch. & Lef. 262 ; *McLaurine v. Monroe*, 30 Mo. 462 ; *Truesdale v. Callaway*, 6 Mo. 605 ; *Thompson v. Reuve*, 12 Mo. 157 ; *Paul v. Chouteau*, 14 Mo. 580. (3) And this is so whether the trust arises upon the face of the instrument or by implication of law. *Martin v. Bk. Ala.*, 31 Ala. 115 ; *Moliney v. Kernan*, 2 D. & W. 31: *Butcher v.*

*Stapleton*, 1 Vern. 363. (4) Thompson had knowledge of sufficient facts to charge him with notice of the equity. 1 Story's Eq. sec. 399; *Speck v. Riggin*, 40 Mo. 405; *Beattie v. Butler*, 21 Mo. 328; *Vaughan v. Tracey*, 22 Mo. 418; *Foster v. Brashears*, 55 Mo. 22; *Fellows v. Wise*, 55 Mo. 413; *Muldrow v. Robinson*, 58 Mo. 507; *Majors v. Buckley*, 51 Mo. 231.

*Glover & Shepley*, *G. H. Shields* and *A. R. Taylor* for defendant in error.

(1) The evidence of the plaintiff shows a conveyance of the property in controversy to the defendant in fee-simple absolute, and utterly fails to show that he took it or holds it in trust or for any one than himself. Nor does the evidence show that defendant knew or had reason to suspect that Wolf held the property for the plaintiff if such was the case. (2) There being no evidence to sustain the case set out in the petition, the court properly gave the instructions asked by defendant, that upon the case as made the plaintiff was not entitled to recover. (3) There was no error in the rejection or admission of testimony that plaintiff can complain of.

HENRY, C. J.—Mrs. Taylor, a married woman, was the owner of certain lots of ground in the city of St. Louis. She joined with her husband in a deed conveying them to M. A. Wolf, who paid nothing for them and had no knowledge of the conveyance until he returned from the east, the conveyance having been made in his absence. The defendant, Thompson, wishing to purchase them of the husband of Mrs. Taylor, learning that the legal title was in Wolf, went to Wolf and asked him if he had any claim against the land, and was informed that he had not, and would convey them to any one whom Mr. Taylor would designate; and thereupon Thompson purchased the lots and received a deed for them from Wolf.

It does not appear that the property was held by Mrs. Taylor as separate property. She alleges that the lots were conveyed to Wolf to be by him held in trust for her, but she failed to prove this allegation, and the fact that the conveyance was made to Wolf in his absence and without consulting him is beyond controversy. Nor does it appear that he was ever informed that he was to hold the lot in trust for her. The record showed the title in Wolf, who informed the purchaser, Thompson, that he might safely purchase, and we find no fact in this record which would warrant a court of equity in holding Thompson as a trustee for Mrs. Taylor. He paid about twenty-five hundred dollars for the lots, and whether it was considerably less than the property was worth is not a matter for consideration, in the absence of all other testimony tending to charge him with any notice that the property was held by Wolf in trust for Mrs. Taylor. So the court of appeals held and its judgment is affirmed. All concur.